## Case No. 1,256.

### BELL v. McCULLOUGH et al.

[1 Bond, 194; 1 Fish. Pat. Cas. 380.][1]

Circuit Court, S. D. Ohio. Oct. Term, 1858.

PATENTS FOR INVENTIONS—LICENSE —FORFEITURE — ASSIGNMENT OF PATENT — ACTION FOR INFRINGEMENT—TREBLE DAMAGES.

1. If a party obtains a license from a patentee to use his invention, but neglects to pay the price for a long time, and finally, when prosecuted, abandons his license, or while relying upon it, defends also upon other grounds, the license will be forfeited, and he will be liable as an infringer.

2. A paper purporting to be an assignment of an expired patent is void as an assignment, though it may be enforced as a power of attorney.
[Cited in May v. Saginaw, 32 Fed. 632.]

3. The object of the provision, which permits the court to treble the verdict found by the jury, is to remunerate patentees who are compelled to sustain their patents against wanton and persevering infringers, and was not intended to include mere collection suits brought upon an expired patent.
[See Schwarzel v. Holenshade, Case No. 12,-506; Brodie v. Ophir Silver Min. Co., Id. 1,919.]

At law. This was an action on the case, tried by the court and a jury. The suit was brought [by Martin Bell against Addison McCullough, James Lampton, William H. Lampton, and others] to recover damages for the infringement of the patent of Martin Bell, more particularly referred to in the report of the case of Bell v. Daniels, [Case No. 1,247.] The defendants insisted that the plaintiff could not recover: 1. Because the defendants did not infringe the plaintiff's patent. 2. Because some ten years before

[1] [Reported by Samuel S. Fisher, Esq.; reprinted by Lewis H. Bond, Esq.; and here republished by permission.]

the expiration of plaintiff's patent, one Foster, an agent of the patentee, had put up the apparatus for the defendants, for an agreed price, which was to include the license fee, but which fee the defendants had neglected to pay. 3. Because, since the expiration of the patent, the patentee had assigned the same to Christian Shunk, for whose benefit the present suit was brought. [There was a verdict for plaintiff, who thereupon moved for treble damages. Motion denied.]

G. M. Lee and S. S. Fisher, for plaintiff.
Isaac C. Collins and John W. Herron, for defendants.

LEAVITT, District Judge, (charging jury.) 1. As to the alleged verbal license from Foster, the agent of Bell, to the defendants, the court will remark, that the contract of license is like every other contract, and depends upon a fair construction of the acts of the parties, of which acts the jury are to judge; but, if even a party originally obtains a license from a patentee to use his invention, but neglects to pay his license price for a long time, and finally, when prosecuted, abandons his license, or, while relying upon it, defends also upon other grounds, the license will be forfeited, and he will be liable as an infringer.

2. As to the paper produced in evidence and claimed to be an assignment to Christian Shunk, executed and delivered by Bell after the expiration of his patent, the court instructs you that the patent, after it expired, was a mere "chose in action," and all that the patentee sought to convey was his right to collect, by suit, or otherwise, the damages which had accrued during the lifetime of the patent. Such a right was not assignable, and the paper offered in evidence, so far as it purports to be an assignment, is void, although it may be good as a power of attorney authorizing the assignee to collect for infringements.

The jury found a verdict for plaintiff with $200 damages.

The plaintiff's counsel subsequently moved the court to treble the damages under the provisions of section 14 of the act of July 4, 1836, [5 Stat. 123.]

THE COURT. The provision contained in section 14 of the act of 1836, under which this motion is made, is as follows: "That whenever, in any action for damages for making, using, or selling the thing whereof the exclusive right is secured by any patent heretofore granted, a verdict shall be rendered for the plaintiff in such action, it will be in the power of the court to render judgment for any sum above the amount found by such verdict as the actual damages sustained by the plaintiff, not exceeding three times the amount thereof, according to the circumstances of the case, with costs," etc. The object of this provision was to remuner-

ate patentees who were compelled to sustain their patents against wanton and persevering infringers. There may be, and doubtless are, cases in which the discretion vested in the court for this purpose should be exercised, but it would hardly seem that the spirit of the act was intended to include suits brought upon an expired patent, which are merely cases of collection, the sole object being the recovery of damages. The motion is therefore overruled.

[NOTE. For other cases involving this patent, see Bell v. Daniels, Case No. 1,247, and Bell v. Phillips, Id. 1,262.]